UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


FRANK CHARLES SMITH, JR.  (#120201)

VERSUS                                                    CIVIL ACTION

R. G. HARRIS , ET AL                                      NUMBER 09-10-JVP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 6, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


FRANK CHARLES SMITH, JR.  (#120201)

VERSUS                                                              CIVIL ACTION

R. G. HARRIS , ET AL                                      NUMBER 09-10-JVP-DLD


MAGISTRATE JUDGE'S REPORT

Before the court is the parties' cross motions for summary judgment.  Record document numbers 19 and 37.

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr.. R. G. Harris, Dr. Larry Caldwell, Dr. Manzoor Shah, Stephanie Slaughter, R.N., and Ms. Thomas, R.N.[1] Plaintiff alleged that the defendants were deliberately indifferent to his serious dental care needs in violation of his constitutional rights.

Plaintiff moved for summary judgment relying on a statement of undisputed facts and his affidavit.

Defendants Harris, Shah and Slaughter moved for summary judgment relying on a statement of undisputed facts, the affidavits of Dr. R. G. Harris, Dr. Manzoor Shah and Stephanie Slaughter, and copies of the plaintiff's medical records.

---

[1] Ms. Thomas, R.N.  was not served with the summons and complaint and did not participate in the defendants' motion for summary judgment. Larry Caldwell was not served with the summons and complaint until after the defendants' motion for summary judgment was filed.  Plaintiff did not move for summary judgment against Caldwell and Caldwell did not participate in the defendants' motion for summary judgment.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Federal Rules of Civil Procedure.

Plaintiff alleged that he was examined by Dr. Harris on July 21, 2008, for complaints of tooth ache.  Plaintiff alleged that Dr. Harris discovered two cavities which he indicated would be extracted during a follow-up appointment.  Plaintiff alleged that he protested postponing the treatment because he was in significant pain.

Plaintiff alleged that he requested follow-up treatment and was examined by nurse Slaughter on September 25, 2008.  Plaintiff alleged that nurse Slaughter referred him to Dr. Caldwell and Dr. Shah for examination.  Plaintiff alleged that Drs. Caldwell and Shah agreed that the plaintiff's teeth needed to be extracted but refused to prescribe the plaintiff pain medication.

Plaintiff alleged that on September 26, one of his teeth broke and he declared himself a medical emergency.  Plaintiff alleged that he was examined by nurse Thomas who told him there was nothing she could do to assist him.

Plaintiff alleged that during a dental appointment on October 9, 2008, Dr. Harris told him that he would extract only one tooth that day and that the other tooth would be extracted a month later.  Plaintiff alleged that during an interview on October 27,  Dr. Harris told him that he would receive no additional dental care.  Plaintiff alleged that a dental appointment scheduled for November 5 was cancelled by Dr. Harris.

Plaintiff alleged that during an appointment on November 13, Dr. Harris  refused to

extract the second tooth or prescribe pain medication.  Plaintiff alleged that a week later Dr. Harris extracted his second tooth but failed to prescribe pain medication.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985).  Whether the plaintiff received the treatment he felt he should have is not the issue.  *Estelle v. Gamble*, *supra; Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981).  Unsuccessful medical treatment does not give rise to a Section 1983 cause of action.  *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*.  Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation.  *Varnado, supra*.

The summary judgment evidence showed that the plaintiff's dental condition was initially assessed by Dr. Harris on July 21, 2008.[2]  On August 7, 2008, Dr. Harris left the employment of the Department of Public Safety and Corrections and was not rehired until October 6, 2008.[3]  During that period, there was no dentist on staff at Hunt Correctional Center.[4]  On October 9, 2008, Dr. Harris performed the extraction of one of the plaintiff's teeth.[5]  Although the plaintiff had a second tooth that required extraction, Dr. Harris determined that it was not medically advisable to extract the second at the same time as

---

[2] Defendants' exhibit A.

[3] *Id.*

[4] *Id.*

[5] *Id.*

the first because the teeth were on opposite sides of the mouth, there was extreme tooth decay and both teeth were located near the sinus area.[6]  Plaintiff's second tooth extraction was scheduled for October 27, 2008, but the extraction had to be postponed because x-ray equipment was malfunctioning.[7]  Plaintiff was placed on an antibiotic regimen between October 27 and November 23, 2008. [8]   The x-rays were taken on November 13, and on November 24, Dr. Harris extracted the plaintiff's second tooth.[9]

The summary judgment evidence showed that from the time the plaintiff was initially assessed by Dr. Harris in July, until his second tooth was extracted, the plaintiff was prescribed one or more medications for pain.  Specifically, the summary judgment evidence showed that between July 11, 2008, and January 6, 2009,  the plaintiff had an ongoing prescription for the pain medication Flexiril;  between August 12, 2008 and September 17, 2008, the plaintiff had a prescription for the pain medication Motrin; and between September 19, 2008, and October 18, 2008, the plaintiff had a prescription for the pain medication Naprosyn.[10] Each of these medications are properly administered as treatment for dental pain.[11]

The summary judgment evidence showed that no defendant was deliberately indifferent to the plaintiff's serious medical needs.  Defendants are entitled to summary

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] Defendants' exhibits A, B, C and D.

[11] *Id.*

judgment as a matter of law.

Plaintiff alleged that Dr. Caldwell acknowledged that the plaintiff required a tooth extraction but failed to prescribe him pain medication.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's dissatisfaction with treatment decisions made by Dr. Caldwell do not rise to the level of a constitutional violation.

Because it is clear that the plaintiff's claims against Dr. Caldwell have no arguable basis in fact or in law the claims against him should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's motion for summary judgment be denied, that the defendants' motion for summary judgment be granted and the claims against Dr. Larry Caldwell be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and this action be dismissed.  It is further recommended that the claims against Ms. Thomas, R.N. be dismissed for failure to prosecute pursuant to Rule 4 (m), Fed. R.Civ. P.

Signed in Baton Rouge, Louisiana, on January 6, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**